Nevitjs, J.
Several reasons have been assigned and urged in support of this rule which I consider in their order presented. The defendant insists in the first place, that the court erred in overruling the objection to the jury’s being sworn, because there was no notice of the application for a special jury or of the meeting of the jury of view. The statute does not require a notice of application for a rule for a special jury, nor is it required by rule of court.” The rule of court provides, that a defendant shall not enter a rule for a struck jury without two days notice to the plaintiff. But this does not apply to the plaintiff, unless the defendant has a rule by proviso and then the plaintiff shall give two days notice of such application. The other part of the objection may be answered by the fact stated in the argument and not denied, that the defendant was actually present at the view and took part in' it, and it further appears from the whole case, that there was no necessity for a view at all. Be that however as it may, the judge at the Circuit had a discretionary power for this cause to postpone the trial, or order it on, and it does not appear that he exercised it improperly or that any prejudice resulted to the defendant.
It is next insisted, that the judge erred in overruling the defendant’s book of account. I do not think so. As between the defendant and Armstrong, or persons claiming under either, it might be lawful evidence but it is not evidence to affect the rights of third persons. No one can tell what motive may have induced these entries. It is not like the books of a parish clerk or *65 other public officer, or of a physician, but here is a book of the party himself, containing evidence of his own making and the assent of Mr. Armstrong, to some of its entries, cannot legalize it. Armstrong’s admissions in his lifetime, not under oath, of his agency or relation to the defendant could not be evidence against a third person and these entries are nothing more. The book was properly overruled.
The next objections insisted upon by the defendant, are to that part of the judge’s charge above recited. And in this too I think there was no error. The lands in dispute were returned to Daniel, John and William Coxe, in 1745. Twelve years after, Daniel made his will devising the whole tract to his daughter Grace, and in that devise he distinctly refers to a deed of partition, he calls this the “ equivalent tract, and marked A. in the deed of division.” A recital in an ancient deed or will of any antecedent deed or document consistent with its own provisions, will after the lapse of such a period be presumptive proof of the former existence of such deed or document, and especially where no deed, declaration, act or claim is shown to rebut such presumption. In the present case this presumption is strengthened by the fact, that other lands were returned to Daniel, John and William Coxe and held by them jointly in 1745 and this being called, the “ equivalent tract ” would indicate that it had fallen to his lot in some partition of such lands; add to this Daniel’s open claim of title to the whole, shown by the fact of his devising it, and not the slightest evidence of any claim being advanced by John or William or any person in their name for the long period of eighty years, and the judge was clearly right in instructing the jury, that they might presume a severance of this joint tenancy, and that the entire interest in these lands had become vested in Daniel Coxe.
Nor do I perceive any error in his instructions to the jury, that the evidence would warrant them in presuming that Grace Coxe was the person whose lands were confiscated in 1779 by the name of Grace Kemp. There was abundant evidence to warrant this inference. The lands devised to Grace Coxe and the lauds sold under the judgment of forfeiture, as the lands of J. Tabor Kemp and Grace his wife, are identical in description. The tract was known as far back as the memory of witnesses *66 could reach as the Kemp tract, and I think the evidence of Mr. Armstrong, one of the commissioners, that Grace Kemp was reputed to be the daughter of Daniel Coxe, was competent and legal and entitled to weight, though he could not trace such reputation to the family. The jury were not misled upon this point. I deem it unnecessary to notice the further objections to this charge, as I do not find them sustained by the law or evidence.

The rule discharged with costs.